IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **TIA COLEMAN,** *et al.*<br><br>*Plaintiffs*<br><br>vs.<br><br>**RIPLEY ENTERTAINMENT, INC.,** *et al.*<br><br>*Defendants* | Case No. 6:18-cv-03280-MDH |

## ORDER APPROVING
## CONFIDENTIAL WRONGFUL DEATH SETTLEMENT

Plaintiff, Tia Coleman, individually, and as Administrator, Personal Representative, and Beneficiary of the Estates of Glenn Coleman, Reece Coleman, Evan Coleman and Arya Coleman's ("Plaintiff") Motion for Approval of Confidential Wrongful Death Settlement as to Defendants, Ripley Entertainment, Inc. and Branson Duck Vehicles, LLC's ("Defendants") (collectively "the Parties") having been called, evidence having been heard, and the Court being fully advised, the Motion is hereby **GRANTED**. (Doc. 103).

Plaintiff appears by and through her counsel, Robert J. Mongeluzzi, Andrew R. Duffy, and Gregory W. Aleshire. Defendants, Ripley Entertainment, Inc. and Branson Duck Vehicles, LLC, appear by and through their counsel Terrance J. Good and corporate representative John Culver. The hearing on the Motion for Approval of Confidential Wrongful Death Settlement has been properly noticed for hearing.

The Court hears testimony of Plaintiff, considers statements of counsel for Plaintiff and counsel for Defendants, and examines exhibits admitted, including the Confidential Settlement Agreement and Full and Final Release of Claims, received by the Court as Exhibit 3. The Court

1

finds the confidential settlement is made in good faith and is fair and equitable to and in the best interests of all the Parties, and that all potential claimants were given notice of their right to participate in this proceeding, that the notice given to all potential claimants was adequate and proper, and that the settlement of this wrongful death action should be and hereby is **APPROVED**.

Therefore, the Court orders, adjudges, and decrees as follows:

1. The Motion for Approval of Confidential Wrongful Death Settlement is brought pursuant to the provisions of Mo. Rev. Stat. § 537.080 *et seq*.

2. Plaintiff, Tia Coleman, is the surviving wife of Glenn Coleman and surviving mother of Reece Coleman, Evan Coleman, and Arya Coleman.

3. Plaintiff, Tia Coleman, is the only known Class One beneficiary of Glenn Coleman, Reece Coleman, Evan Coleman, and Arya Coleman (the "Decedents"). As such, she is entitled to bring an action for the wrongful death of the Decedents pursuant to MO. REV. STAT. § 537.080 and to receive the settlement proceeds for any and all potential claims arising from the death of the Decedents.

4. The Court is satisfied all class members have been duly served with notice pursuant to Mo. Rev. Stat. § 537.095.

5. The confidential settlement of any and all potential claims arising from the deaths of the Decedents and the survival claim of Tia Coleman, as specified in Exhibit 3, is a fair and reasonable compromise of disputed claims and is hereby approved.

6. The total confidential settlement sum shall be in full settlement, discharge and satisfaction of any and all claims, demands, and/or causes of actions which Plaintiff, as the sole class one beneficiary member, may hereafter have against Defendants, Ripley Entertainment, Inc. and Branson Duck Vehicles, LLC, or the other "Released Parties" identified in Exhibit 3, on

account of or arising out of damage sustained as a result of the deaths of Glenn Coleman, Reece Coleman, Evan Coleman, and Arya Coleman on July 19, 2018 and injury sustained by Tia Coleman, as a result of this incident.

7. Plaintiff, Tia Coleman, is hereby authorized and ordered to execute the Confidential Settlement Agreement and Full and Final Release of Claims, provided to the Court for review as Exhibit 3, thereby releasing all claims against Defendants, and the other "Released Parties" referenced therein, that have arisen and may arise from the deaths of Glenn Coleman, Reece Coleman, Evan Coleman, and Arya Coleman on July 19, 2018 and injury sustained by Tia Coleman, as a result of this incident.

8. The Court finds that the attorneys' fees and expenses detailed in Exhibit 1, Exhibit 4, and Exhibit 5 submitted by Plaintiff and Plaintiff's counsel are approved as reasonable based upon the agreements between the Plaintiff and Plaintiff's counsel, the time, effort and experience of the Plaintiff's counsel, and the recovery obtained for Plaintiff by Plaintiff's counsel.

9. Plaintiff is further ordered to collect those amounts not to be placed in structured settlements and to acknowledge receipt and satisfaction of this judgment and, further, to distribute said judgment proceeds as ordered by this Court consistent with Exhibit 3 and Exhibit 5 presented to this Court.

10. The carriers for the Defendant are ordered and directed to pay the portions of the settlement which have been designated for purchase of future periodic payments/structured settlements directly to the structured settlement companies.

11. The Court hereby approves the settlement of this matter as herein described and the distribution of proceeds as described herein.

12. The Court further grants the Parties' request and orders that Exhibits 1-5, which were provided to the Court for review, now be withdrawn to protect their confidentiality.

**IT IS SO ORDERED**.

Date: October 25, 2019 /s/ Douglas Harpool
Douglas Harpool
United States District Judge